[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the appellant's first assignment of error, because, based upon the record of the proceedings below, we cannot deem "clearly erroneous" the trial court's determination that the appellant had failed to prove purposeful racial discrimination by the prosecution in exercising its peremptory challenges. SeeHernandez v. New York (1991), 500 U.S. 352, 111 S.Ct. 1859; Statev. Hernandez (1992), 63 Ohio St.3d 577, 589 N.E.2d 1310.
We overrule the second assignment of error, because we are unable to conclude, on the record as a whole, that the alleged instances of prosecutorial misconduct, either separately or together, deprived the appellant of a fair trial. See State v. Lott (1990),51 Ohio St.3d 160, 555 N.E.2d 293.
We overrule the appellant's third assignment of error, because, upon the evidence adduced at trial, reasonable minds could have reached different conclusions as to whether each material element of the offenses of attempted aggravated murder and carrying a concealed weapon, as charged in the indictment, had been proven beyond a reasonable doubt, see State v. Thomas (1982), 70 Ohio St.2d 79,434 N.E.2d 1356; State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, and because we find nothing in the record of the proceedings below to suggest that the jury, in resolving the conflicts in the evidence, lost its way or created such a mani-fest miscarriage of justice as to warrant the reversal of the appellant's convictions. See Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211; State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717.
Finally, we overrule the fourth assignment of error, because the record fails to disclose a reasonable probability that, but for the alleged omissions of trial counsel, the results of the appellant's trial would have been different. See Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.