DECISION.
Defendant-appellant, Ricardo Diaz, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of one count of possession of cocaine and one count of possession of heroin, both in violation of R.C.2925.11(A). Diaz was convicted of the offenses following a jury trial conducted in 1998.
Diaz had originally appealed the convictions on the basis that the trial court had erred in overruling his motion to suppress, and this court affirmed the trial court's judgment.[1] But on June 23, 2000, this court granted Diaz's application to reopen the appeal so that he could advance additional assignments of error. Finding none of these new assignments to be meritorious, we once again affirm the judgment of the trial court.
In his first assignment of error, Diaz argues that he was denied a fair trial as a result of misconduct by the assistant prosecuting attorney during closing argument. In his fourth assignment of error, Diaz complains that the lower court erred by failing to declare a mistrial because of the prosecutor's misconduct. Because the assignments raise similar issues, we discuss them together.
The conduct of a prosecuting attorney generally will not be grounds for reversal unless that conduct deprives a defendant of a fair trial.[2]
Further, a prosecutor is afforded wide latitude in summation.[3] The effect of a prosecutor's misconduct must be considered in the light of the whole case.[4] A reviewing court focuses on whether the prosecutor's remarks were improper, and if so, whether the accused was denied a fair trial.[5]
Ordinarily, to support a reversal of judgment on the ground of prosecutorial misconduct, a timely objection must be made to the claimed improper remarks so that the trial court may take proper remedial action.[6] Where the defendant fails to lodge a timely objection to the alleged prosecutorial misconduct, this court reviews the issue under a plain-error standard.[7] To reverse a conviction based upon plain error, we must conclude that "but for the error, the outcome of the trial clearly would have been otherwise."[8]
In the instant case, one of the primary points of contention at trial was whether the contraband confiscated from Diaz contained both heroin and cocaine, as the state's expert found, or merely heroin, as the defense expert testified. The prosecutor's statements disparaged the testimony of Diaz's expert because he was being compensated for the time he had expended analyzing the contraband and testifying. Specifically, the assistant prosecutor stated, "The defense wants to try to make something of this case, so they try to hire someone from out of town, pay them to come in and say what they want to say." Later, the assistant prosecutor said, "It's the state's position that you can get a [sic] conflicting testimony any time you're willing to pay enough." But the record demonstrates that Diaz did not object to these statements until after the jury had been charged and had retired to deliberate. At no time did Diaz ask for a mistrial.[9] We therefore review the record for plain error.
By denigrating the role of defense counsel and injecting her personal opinion as to the veracity of the expert witness, the assistant prosecutor engaged in argument that was inappropriate and unprofessional.[10]
Nonetheless, we cannot conclude that, but for the improper statements, the outcome of the trial clearly would have been different. The opinion of the state's expert was based upon well-accepted principles of drug analysis and therefore provided a firm evidentiary basis upon which the jury could have concluded that both cocaine and heroin were present in the sample. Accordingly, we cannot conclude that, but for the prosecutor's comments, the jury "clearly" would have acquitted Diaz of possessing cocaine. Similarly, we can find no plain error in the trial court's failure to sua sponte declare a mistrial. Diaz's first and fourth assignments of error are overruled.
In his second assignment of error, Diaz contends that the lower court erred by failing to remove a prospective juror who was a police officer, because he knew a police officer who testified at trial. The assignment is not well taken.
Crim.R. 24(B)(9) provides that a juror may be dismissed for cause if the juror is "possessed of a state of mind evincing enmity or bias toward the defendant * * *." But the same rule further provides that "[n]o person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused if the court is satisfied from the examination of the juror * * * that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial."[11] The decision to remove a juror for cause is within the sound discretion of the court, and the decision will not be overturned on appeal absent an abuse of discretion.[12] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[13]
In the instant case, there was no abuse of discretion in the trial court's decision. The record reveals that the prospective juror did not state that he was acquainted with or knew the officer-witness. Rather, he explained,
 I might know maybe one of the officers by — by face or whatever, since he — he's in District 3. I don't know that I know him as far as personally by name or whatever, but I might have seen them, so —
 Moreover, elsewhere in the voir dire, the prospective juror stated that he could fairly and impartially render a verdict regardless of his occupation. Under these circumstances, the trial court properly refused to remove the prospective juror for cause.
Diaz also complains that the lower court's failure to remove the officer for cause forced him to use a peremptory challenge to do so. Diaz contends that the use of that peremptory challenge foreclosed his ability to remove another prospective juror, who, in Diaz's opinion, could not be impartial. Having found no impropriety in the trial court's refusal to remove the officer for cause, we hold that Diaz's use of a peremptory challenge did not deprive him of a fair trial, and the second assignment of error is overruled.
In his third assignment of error, Diaz challenges the state's use of a peremptory challenge to remove a prospective African-American juror as being racially motivated. To establish a prima facie case of racial discrimination in the selection of a jury, the defendant must establish that members of a racially cognizable racial group were peremptorily challenged and that the facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory challenges to exclude jurors on account of their race.[14] If the defendant makes a prima facie case of discrimination, the state must then provide a race-neutral explanation for its use of the challenges.[15] A trial court's finding of no discriminatory intent will not be disturbed unless it is clearly erroneous.[16]
In the case at bar, we assume, without deciding, that Diaz established a prima facie case of discrimination. The state, however, explained its use of the peremptory challenge by citing the prospective juror's prior conviction for drug possession. Diaz emphasizes that the prospective juror stated that he been rehabilitated since his conviction, and that, at trial, the state conceded that it was unsure of the prospective juror's attitude toward drugs. These circumstances, though, are not dispositive. To shift the burden of persuasion back to the defendant, the explanation offered by the state need not be persuasive, or even plausible; unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral.[17] The prosecutor's explanation here was a facially valid, race-neutral justification for the use of the peremptory strike. Therefore, we cannot say that the trial ccourt's finding of no discriminatory intent was clearly erroneous, and the third assignment of error is therefore overruled.
In his fifth assignment of error, Diaz alleges that the trial court erred by excluding from evidence documents that allegedly implicated another person in the offenses. Diaz's defense centered in part upon the theory that a woman acquaintance had secreted the contraband in Diaz's camera without his knowledge. To bolster this theory, Diaz sought to introduce court documents that demonstrated that the woman had been convicted of crimes involving the possession of drugs. The trial court admitted some of these documents but excluded others relating to convictions that occurred after Diaz's arrest.
Generally, the determination of relevancy and the admissibility of evidence are committed to the sound discretion of the trial court, and a trial court's decision in these respects will not be reversed absent an abuse of that discretion.[18] Here, there was no abuse of discretion in the trial court's rulings. Given that the proffered documents related to events that occurred after Diaz's arrest, the trial court could have reasonably held that their probative value was substantially outweighed by the danger of unfair prejudice. Indeed, the documents were not related to the offense for which Diaz was arrested, but rather were apparently offered to demonstrate that the acquaintance had the propensity to possess drugs and that the drugs found on Diaz were therefore hers. The trial court did not act unreasonably in refusing to allow the jury to make such an inference. Even Diaz's counsel conceded at trial that the excluded documents were of questionable relevance. We therefore find no error in the exclusion of the documents and accordingly overrule the fifth assignment of error.
In his sixth and final assignment of error, Diaz argues that the lower court erred by imposing a sentence under which Diaz will be subject to post-release control. He argues that the statute providing for post-release control, R.C. 2967.28, is unconstitutional. This assignment fails because the Supreme Court of Ohio has recently held that R.C. 2967.28
is cconstitutional.[19] The sixth assignment of error is therefore overruled, and the judgment of the court of common pleas is affirmed.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See State v. Diaz (June 23, 1999), Hamilton App. No. C-980186, unreported. A complete recitation of the facts is set forth in this court's judgment entry of June 23, 1999.
[2] State v. Apanovitch (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394,400.
[3] State v. Jacks (1989), 63 Ohio App.3d 200, 210, 578 N.E.2d 512,518.
[4] State v. Maurer (1984), 15 Ohio St.3d 239, 266, 473 N.E.2d 768,792-793.
[5] State v. Lott (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293,300.
[6] See State v. Roberts (Aug. 14, 2000), Hamilton App. No. C-980751, unreported.
[7] Id.
[8] State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus.
[9] The record reveals that there was an earlier sidebar conference, the subject of which has not been transcribed.
[10] See Roberts, supra.
[11] See, also, R.C. 2313.43(J).
[12] See State v. Madrigal (2000), 87 Ohio St.3d 378, 393,721 N.E.2d 52, 67, motion for reconsideration denied (2000),88 Ohio St.3d 1428, 723 N.E.2d 1115, certiorari denied (2000), ___ U.S. ___, ___ S.Ct. ___.
[13] State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144,149.
[14] See Batson v. Kentucky (1980), 476 U.S. 79, 96,106 S.Ct. 1712, 1723.
[15] Id.; State v. Hill (1995), 73 Ohio St.3d 433, 445, 653 N.E.2d 271,282.
[16] State v. Hernandez (1992), 63 Ohio St.3d 577, 583, 589 N.E.2d 1310,1314.
[17] Purkett v. Elem (1995), 514 U.S. 765, 767-768, 115 S.Ct. 1769,1771, quoting Hernandez v. New York (1991), 500 U.S. 352, 360,111 S.Ct. 1859, 1866.
[18] State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus.
[19] Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph one of the syllabus, motion for reconsideration denied (2000),90 Ohio St.3d 1419, 735 N.E.2d 457.