**The STATE of Ohio, Appellee,**

**v.**

**LONG, Appellant.**

[Cite as *State v. Long* (1999), 136 Ohio App.3d 73.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990234.

Decided Dec. 23, 1999.

**74**

*Michael K. Allen,* Hamilton County Prosecuting Attorney, *June Wagner,* Assistant Prosecuting Attorney, for appellee.

*Dinsmore & Shohl, L.L.P., Clyde Bennett, II* and *Jeffrey R. Schaefer,* for appellant.

WINKLER, Judge.

Maurice Long entered a guilty plea to two counts of trafficking in cocaine in violation of R.C. 2925.03(A). The first count was a felony of the first degree, while the second was a felony of the second degree. The trial court sentenced Long to nine years' incarceration on the first count and to seven years' incarcera-

tion on the second, with neither term being the minimum possible for the offenses. The sentences were to run concurrently. Long assigns as error the trial court's imposition of prison terms greater than the minimum terms possible for the offenses.

Both counts in this case carried mandatory prison terms. Under R.C. 2929.14(B), the trial court would have been required to impose the minimum prison term on Long, because Long had not previously served a prison term, unless the court found on the record that the minimum prison term would demean the seriousness of Long's conduct or would not adequately protect the public from future crime by Long or others.

■ The record of the sentencing hearing must reflect that the trial court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the sentence.[1] The trial court need not give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum prison term.[2] The trial court need only note that it has engaged in the analysis and that it has varied from the minimum for at least one of the two sanctioned reasons.[3]

As R.C. 2953.08(F) requires, we have reviewed the entire record of the case, including the presentence report, the transcript of the sentencing hearing, the statements made to and by the court, and its felony-sentence-findings worksheet. As a reviewing court, we may increase, reduce, or otherwise modify the sentence imposed in this case, or we may vacate the sentence and remand the matter to the trial court, if we find clearly and convincingly (1) that the record fails to support the sentence, or (2) that the sentence is otherwise contrary to law.[4]

■ In this case, the trial court specified both of the reasons under R.C. 2929.14(B) in support of its deviation from the minimum sentence for each offense. Also, the record confirms that the court considered the minimum sentence before rejecting its imposition, based on both of the statutorily sanctioned reasons.[5] Furthermore, the record reveals that the two trafficking offenses in this case occurred within a month of each other. Long had been

---

1. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 133.

2. *Id.*

3. *Id.* at 326, 715 N.E.2d at 134.

4. R.C. 2953.08(G)(1)(a) and (d).

5. See *Edmonson, supra*, at 328, 715 N.E.2d at 135.

associated with a major drug dealer and had been under investigation as a drug runner for several years. The record further demonstrates that Long was uncooperative with the narcotics-unit investigation by providing false information to the officers regarding other investigations. Also, Long had prior misdemeanor convictions and delinquency adjudications. Therefore, because we cannot say that the sentences in this case were contrary to law or unsupported by the record, we overrule Long's sole assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

HILDEBRANDT, P.J., concurs.

PAINTER, J., dissents.

PAINTER, Judge, dissenting.

This court should reduce Long's sentence because the record does not support the imposition of more than the minimum term of imprisonment. Therefore, the sentence is contrary to law, and this court is charged with the duty to rectify the error.

R.C. 2929.14(B) mandates that the shortest authorized prison term be imposed if an offender has not previously served a prison term. Long has not served a prison term. A longer term may be imposed if the trial court finds on the record that (1) the shortest term will demean the seriousness of the offender's conduct, or (2) will not adequately protect the public from future crime by the offender or others. Neither factor is present here. The conduct itself, while reprehensible, is no different from any other trafficking case. And there is not the slightest hint in the record that the public needs to be protected from Long, any more than from any other defendant. In this instance, the legislature has specifically provided that the minimum sentence must be imposed. If the law does not apply here, then it is meaningless. The legislature may just as well not have bothered to pass it.

In this case, while the trial court made the requisite findings by uttering the rote language, the record does not support those findings. The evidence at the sentencing hearing, the presentence-investigation report, and the sixteen letters presented by the members of the community on Long's behalf demonstrate that Long was eligible for the sentence envisioned by the statute.

Long was twenty-seven years old at the time of sentencing. His adult criminal record consisted of (1) an "open flask" citation, for which he was fined $16, and (2) a minor misdemeanor disorderly conduct citation, for which the costs were remitted—not the most threatening of crimes from which to protect the public.

In addition, when he was fourteen and fifteen, he had misdemeanor adjudications as a juvenile. Thus, his criminal record was so minute as to be nonexistent. Even the trial court acknowledged that Long had been a law-abiding citizen for a number of years.

Long was well respected and trusted in the community. The sixteen letters, from friends, community leaders, business owners, his former teachers, and even a police dispatcher, portrayed a young man who was a model citizen in all respects—albeit one who made a grievous mistake. He had physical custody of his child (while, inexplicably, being reported as in arrears in child-support payments). He was employed and was supporting his three-year-old son. And he pleaded guilty, admitted he had made a mistake, expressed remorse, and was ready to pay the price for his crime—a mandatory three-year jail sentence. That sentence would have been appropriate.

The trial court's focus on two aspects of Long's conduct is especially troubling: (1) his child-support arrearage and (2) the fact that the trafficking offenses for which he was convicted were "one notch" and "two notches" from more serious crimes. First, to the extent it was even relevant to the determination of Long's sentence (and I seriously question how, when determining the appropriate sentence for drug trafficking, consideration of a child-support arrearage relates to demeaning the seriousness of the offender's conduct or adequately protecting the public from future crime), the trial court's consideration of Long's child-support arrearage was based on erroneous information.

The trial court believed that Long was in arrears over $15,000 in child-support payments, based on inaccurate information in the presentence-investigation report. Along with that inaccurate figure, the court had before it Long's employment and salary history, information that he had custody of his three-year-old son, and information that his child's mother was not in the child's life. This information was adequate to apprise the trial court that the amount of the child-support arrearage was erroneous. In fact, as was subsequently determined, Long was actually in "arrears" only $1,663—and that figure might also be a mistake. If one has custody of the child and is supporting him—a fact no one disputes—it is difficult to imagine where an "arrearage" could arise. The error was probably just a bureaucratic mistake—for which Long will spend an additional six years of his life in jail.

Second, the trial court stated that the reason behind its conclusion that the minimum sentence would demean the seriousness of Long's crime and would fail to adequately protect the public was that the amount of crack cocaine put Long "one notch" from being a major offender and the amount of powder cocaine put him "two more steps" from being a major offender. Long was charged with trafficking in crack cocaine in an amount that exceeded 25 grams, but not 100

grams, and with trafficking in powder cocaine in an amount that exceeded 100 grams, but not 500 grams. According to the presentence-investigation report, Long sold two ounces (56 grams) of crack cocaine and five ounces (140 grams) of powder cocaine to undercover police officers on two separate occasions. It was these two crimes for which Long was being sentenced, *not* a more serious charge. The legislature set the amounts for the degree of the crimes—for the court to say that, if Long had sold more, he would have received a greater sentence, and then to impose a greater sentence because his crime was a "notch" or "two notches" away from something more serious, is simply absurd. All lesser crimes are a notch or two away from greater crimes, but our system of law assumes that a defendant is punished for the crimes he has actually committed.

That Long could have engaged in more serious drug trafficking and could have been incarcerated for a longer period if convicted of a more serious crime is irrelevant. Long could not have been charged with more serious crimes because he did not traffic in the amount of drugs that the legislature has determined requires a more lengthy sentence. To take the trial court's basis to the extreme, it could consider the fact that a person charged with reckless homicide was within steps or notches of voluntary manslaughter (regardless of the fact that his or her conduct did not fall within the conduct proscribed by the voluntary-manslaughter statute) to increase the offender's sentence. I do not believe that the legislature intended for a defendant who has served no prior prison term to be sentenced to more than the minimum term based on the proximity of his or her conviction to more serious crimes. Law is not horseshoes.

Therefore, I would vacate Long's sentence and enter a modified sentence of three years' incarceration. From everything I have seen and read in this case, Long, though guilty of a serious offense, is amenable to rehabilitation as a productive member of society. To incarcerate him for nine years is a waste of a life and the taxpayers' money.