DECISION.
Defendant-appellant, Robert McNeal, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of aggravated robbery with a firearm specification and robbery. He was convicted of the offenses following a jury trial. For the following reasons, we affirm the judgment of the trial court in part, reverse it in part, and remand the cause for resentencing.
At trial, Melissa McCann testified that, in November 1999, she had contacted McNeal about buying a pound of marijuana. Jon Powell and Adam Lintner testified that, near the same time, they had also contacted McNeal for the purpose of buying marijuana. During a meeting with Powell and Lintner, McNeal proposed a scheme to rob McCann of the drug money on the date that she was to purchase her marijuana.
On the date of the proposed sale of the marijuana to McCann, McNeal furnished a gun to Lintner, and the three took McCann, in Powell's automobile, to a secluded location. After McCann had taken $1200 out of her purse, Lintner pointed the gun at her and Powell took the money. McNeal then shoved McCann from the automobile, causing her injury. According to Powell and Lintner, McNeal received $800 of the money.
McNeal presented no evidence in his defense. The jury returned verdicts of guilty, and the trial court sentenced McNeal to three years on the firearm specification to be served prior to a five-year term for the aggravated robbery. The trial court further sentenced McNeal to a concurrent term of seven years for robbery. McNeal has appealed, asserting seven assignments of error.
In his first assignment of error, McNeal argues that the trial court erred by permitting the state to present the testimony of counsel for a co-defendant concerning plea negotiations among the state, McNeal, and his two co-defendants, Powell and Lintner. Under this assignment, McNeal takes issue with the trial court's decision to allow the state to introduce evidence that it had proposed a "package deal" plea bargain pursuant to which the state would have recommended prison terms of three years each for the co-defendants and a term of four years for McNeal if all three defendants would have pleaded guilty.
At trial, McNeal's counsel cross-examined Powell concerning the terms of his plea agreement in an attempt to undermine Powell's credibility. Powell testified that he had negotiated an agreement with the state in which he had agreed to plead guilty and to testify truthfully against McNeal in return for the state's recommendation of a three-year prison term. Thereafter, the state argued that it should be permitted to introduce the entire history of the plea negotiations to allow the jury to properly assess Powell's motivation to testify. Powell's counsel was then permitted to describe the terms of the "package deal." Counsel further testified that negotiations had terminated after McNeal had rejected the offer.
McNeal claims that the trial court erred to his prejudice because the sentence proposed by the prosecution in the plea negotiations was one year greater than the sentence proposed for the co-defendants, suggesting to the jury that he was more culpable. We find no merit in the assignment.
Although statements made in the course of plea negotiations that do not result in a guilty plea are generally inadmissible,[1] McNeal's assignment of error fails for several reasons. First, Evid.R. 410(A) prohibits only the introduction of an accused's statement made during plea negotiations. The jury in the case at bar was informed only of McNeal's refusal of the plea bargain, and not of any statement he had allegedly made during negotiations.
Further, a statement that is otherwise inadmissible under Evid.R. 410(A) is admissible where another statement made during the same plea negotiations has been introduced, and where the challenged statement should, in fairness, be considered contemporaneously with it.[2] Here, the trial court could have reasonably concluded that the original "package deal" should have been presented to the jury so that the jury could be fully informed of Powell's motivation to testify. Thus, even if McNeal's refusal of the plea bargain could be deemed a statement within the meaning of Evid.R. 410(A), the statement was properly admitted under Evid.R. 410(B)(1).
McNeal, though, relies heavily on this court's holding in State v.Davis[3] in arguing that his refusal of the original plea bargain should have been excluded from evidence. But in Davis we emphasized that the rule against informing the jury of the refusal of a plea bargain was designed in large degree to prevent the defendant from gaining an advantage by citing the refusal of a plea bargain as evidence of his innocence.[4] In the case at bar, where the prosecution sought to introduce the refusal to give the jury the complete substance of the negotiations, the concern noted in Davis was simply not implicated.
Finally, even if the trial court erred in admitting the challenged evidence, we hold that the error was harmless beyond a reasonable doubt. First, McNeal's refusal of the plea offer tended to indicate his innocence to the jury.[5] Second, any prejudice visited upon McNeal by the state's insistence that he receive a longer sentence was negligible. As we note under the fifth through seventh assignments of error, the evidence demonstrated that McNeal conceived the plan to rob the victim and was in other respects arguably more culpable than his co-defendants. Thus, in the context of the entire proceedings, the effect of the state's plea offer and McNeal's refusal was insignificant. The first assignment of error is therefore overruled.
In his second assignment of error, McNeal asserts that the trial court erred by imposing a sentence of more than the minimum period of incarceration for the two offenses. We agree. Pursuant to R.C. 2929.14(B), a trial court must impose the minimum term of incarceration on an offender who has not previously served a prison term, unless it finds on the record that the minimum term would demean the seriousness of the offense or not adequately protect the public from future crime.[6] In the case at bar, the court made neither finding. Accordingly, we must vacate the sentences and remand this case to the trial court for resentencing in accordance with Long and State v. Edmonson.[7]
In his third assignment of error, McNeal complains that the trial court erred by imposing sentences for both the aggravated robbery and the robbery. Specifically, McNeal contends that the robbery and the aggravated robbery were allied offenses of similar import within the meaning of R.C. 2941.25. We addressed this precise issue in State v.Berry.[8] In Berry, we held that aggravated robbery under R.C.2911.01(A)(1) and robbery under R.C. 2911.02(A)(2) were not allied offenses, because each offense required proof of an element the other did not.[9] The indictment in the case at bar charged McNeal with the same offenses addressed in Berry, and the trial court did not err by imposing sentences for both.[10]
McNeal also argues, under his third assignment of error, that the trial court erred in imposing a greater sentence for the robbery than for the aggravated robbery. The lack of statutory findings inhibits our review of the trial court's reasoning in this regard. Nonetheless, we have discovered no authority prohibiting, in the case of multiple convictions, the imposition of a greater term of incarceration for an offense of lesser degree, provided the sentences are authorized by law and the proper statutory findings are present on the record for each offense. Moreover, given our disposition of the second assignment of error, this issue is not ripe for review at the present time. The third assignment of error is overruled.
In his fourth assignment of error, McNeal argues that he was deprived of a fair trial by the state's use of a peremptory challenge to excuse a prospective African-American juror. We find no merit in the assignment.
To establish a prima facie case of discrimination in the selection of a jury, the defendant must demonstrate that members of a cognizable racial group have been peremptorily challenged and that the facts and circumstances raise an inference that the prosecutor has used the peremptory challenges to exclude jurors on the basis of race.[11] If the defendant establishes a prima facie case of discrimination, the state must then provide a race-neutral explanation for its use of the peremptory challenges.[12] To rebut an inference of discrimination, the state need only provide a facially valid explanation; the explanation need not be persuasive or even plausible.[13] A trial court's finding of no discriminatory intent will not be reversed on appeal unless the finding is clearly erroneous.[14]
In the instant case, the trial court's finding of no discriminatory intent was not clearly erroneous. Assuming that McNeal had established a prima facie case of discrimination, we hold that the state rebutted any inference of discriminatory intent. In response to defense counsel's objection about the use of the peremptory challenge, the prosecutor explained that the prospective juror had limited education and no significant experience in making important decisions. These were facially valid, race-neutral justifications for the use of the peremptory challenge, and the fourth assignment of error is accordingly overruled.
In his fifth and sixth assignments of error, McNeal argues, respectively, that the convictions were based upon insufficient evidence and that they were contrary to the manifest weight of the evidence. In his seventh and final assignment of error, he argues that the trial court erred in overruling his motion for acquittal under Crim.R. 29. We address these assignments together.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[15] The standard of review for the denial of a Crim.R. 29 motion is the same as the standard of review for sufficiency.[16] To reverse a trial court's judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[17]
The aggravated-robbery statute, R.C. 2911.01(A)(1), provides that "[n]o person, in attempting or committing a theft offense * * * or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." R.C. 2911.02(A)(2), the robbery statute, provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."
In the case at bar, we cannot say that the convictions were contrary to the evidence. The testimony of Powell and Lintner indicated that McNeal had devised the plan to rob McCann, had furnished the firearm that Lintner had brandished at McCann, had pushed McCann out of the vehicle, and had accepted $800 of the $1200 taken from McCann. McCann's testimony further supported the state's contention that McNeal had actively participated in the offenses and was the person who had caused her physical harm. Thus, the state presented ample evidence to establish McNeal's guilt.
McNeal argues, though, that inconsistencies in the testimony of the state's witnesses, along with the motivation of Powell and Lintner to testify favorably for the state to receive lesser sentences, rendered the verdicts erroneous. We are not persuaded. It is well established that the weight to be given the evidence and the credibility of the witnesses are primarily reserved for the trier of fact.[18] In this case, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice. Accordingly, the fifth, sixth, and seventh assignments of error are overruled.
The judgment of the trial court is affirmed in part with respect to the findings of guilt, but the sentences are vacated. This cause is remanded to the trial court for resentencing in accordance with law.
Doan P.J., Hildebrandt and Sundermann, JJ.
[1] Evid.R. 410(A)(5).
[2] Evid.R. 410(B)(1).
[3] (1980), 70 Ohio App.2d 48, 434 N.E.2d 285.
[4] Id. at 51, 434 N.E.2d at 287-288.
[5] See id.
[6] See State v. Long (1999), 136 Ohio App.3d 73, 75,735 N.E.2d 972-973, jurisdictional motion overruled (2000),88 Ohio St.3d 1445, 725 N.E.2d 285.
[7] (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus.
[8] (Apr. 14, 2000), Hamilton App. Nos. C-990354 and C-990365, unreported.
[9] Id.
[10] Id. See, also, State v. Rance (1999), 85 Ohio St.3d 632,710 N.E.2d 699, paragraph one of the syllabus. Although this court has suggested that the rule set forth in Rance may have been repudiated by the Supreme Court of Ohio, that court has not explicitly overruled Rance
and has not addressed the offenses that are the subject of the case at bar. See State v. Grant (Mar. 23, 2001), Hamilton App. No. C-971001, unreported. We therefore hold that Berry remains controlling authority.
[11] State v. Johnson (1999), 88 Ohio St.3d 95, 116, 723 N.E.2d 1054,1073, certiorari denied sub nom. Johnson v. Ohio (2000), 531 U.S. 889,121 S.Ct. 212. See, also, Batson v. Kentucky (1986), 476 U.S. 79, 97,106 S.Ct. 1712, 1723.
[12] State v. Hill (1995), 73 Ohio St.3d 433, 445, 653 N.E.2d 271,282.
[13] Hernandez v. New York (1991), 500 U.S. 352, 360, 111 S.Ct. 1859,1866; State v. Walker (Sept. 1, 2000), Hamilton App. No. C-980849, unreported, jurisdictional motion overruled (2000), 90 Ohio St.3d 1490,739 N.E.2d 815.
[14] State v. Hernandez (1992), 63 Ohio St.3d 577, 583, 589 N.E.2d 1310,1314.
[15] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[16] State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[17] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[18] State v. DeHass (1967), 10 Ohio St.3d 230, 227 N.E.2d 212, paragraph one of the syllabus.