[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Defendant-appellant Douglas Mingie entered a guilty plea to aggravated robbery, a felony of the first degree, and an accompanying gun specification, in the case numbered B-0108138. Mingie entered a guilty plea to misuse of a credit card, a felony of the fifth degree, in the case numbered B-0108218. The trial court sentenced Mingie to a five-year term of incarceration for the aggravated robbery, and to a consecutive one-year term of incarceration for the gun specification. The court sentenced Mingie to a six-month term of incarceration for the misuse of a credit card and ordered the term to run concurrently with the aggravated-robbery sentence. Mingie now appeals.
{¶ 3} Under R.C. 2953.08(A)(4), a defendant may appeal his sentence as a matter of right on the ground that it was contrary to law. In this case, Mingie argues that his sentence for aggravated robbery was contrary to law in that it was excessive and did not comply with the sentencing guidelines.[1]
{¶ 4} The trial court was required to impose a prison term for the aggravated robbery because Mingie had a firearm under his control during its commission.[2] Because the offense was a felony of the first degree, Mingie faced a minimum prison term of three years and a maximum prison term of ten years. Mingie claims that the trial court was required to sentence him to the minimum three-year prison term.
{¶ 5} When a court imposes a prison term upon an offender who has not previously served a prison term, the court must find on the record that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public from future crime by the offender or others.[3] A trial court does not need to give its reasons for finding either that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes, before it can lawfully impose more than the minimum prison term.[4] The trial court need only note that it has engaged in the analysis and that it has varied from the minimum for at least one of the sanctioned reasons under R.C.2929.14(B).[5]
{¶ 6} In this case, the trial court specified both of the reasons under R.C. 2929.14(B) in support of its deviation from the minimum prison term for the aggravated robbery. Also, the record confirms that the court considered the minimum sentence before rejecting its imposition, based on both of the statutorily sanctioned reasons, because Mingie had "[held] someone up at gunpoint." Furthermore, the record reveals that the aggravated robbery occurred within four months of the credit card misuse. Also, the trial court noted that Mingie had prior misdemeanor convictions and a delinquency adjudication for gross sexual imposition. Because we cannot say that the five-year prison term for the aggravated robbery was contrary to law, we overrule the assignment of error and affirm the judgment of the trial court.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] Mingie does not challenge the sentence for misuse of a credit card, or the mandatory one-year term on the gun specification.
[2] R.C. 2929.13(F).
[3] R.C. 2929.14(B); State v. Edmonson, 86 Ohio St.3d 324, 325-326,1999-Ohio-110, 715 N.E.2d 131.
[4] State v. Long (1999), 136 Ohio App.3d 73, 735 N.E.2d 972, citingEdmonson, supra.
[5] Id.