[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} This is defendant-appellant Robert McNeal's second appeal. In McNeal's first appeal,[1] we found merit in his contention that he had been sentenced to more than the minimum period of incarceration by the trial court without its having satisfied the requirements given by the Ohio Supreme Court in State v. Edmonson[2] and our decision Statev. Long.[3] Accordingly, we vacated McNeal's sentences and remanded the case for resentencing. At the resentencing hearing, the trial court sentenced McNeal to confinement in the department of corrections for the same five-year period for aggravated robbery, a first-degree felony, along with a three-year period of incarceration on a firearm specification that was to be served prior to the aggravated-robbery sentence. McNeal also received a four-year sentence for robbery, a second-degree felony. As before, the aggravated robbery and robbery sentences were made concurrent, although the trial court had previously imposed a longer, seven-year concurrent term for the robbery.
{¶ 3} In this appeal after resentencing, McNeal contends that the sentences imposed were contrary to law, and excessive, and failed to comply with the purposes and requirements of R.C. Chapter 2929. We disagree.
{¶ 4} McNeal did not receive a minimum sentence for either the aggravated robbery or the robbery conviction. But, McNeal had not previously served a prison term. R.C. 2929.14(B) requires that a trial court impose the minimum term of incarceration on an offender who has not previously served a prison term, unless it finds on the record that the minimum term would demean the seriousness of the offense or not adequately protect the public from future crime.[4] "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence."[5] At the resentencing hearing in this case, the trial court utilized a felony-sentencing worksheet and noted on it that a minimum sentence would both demean the seriousness of the offense and not adequately protect the public. The transcript of the resentencing hearing, incorporated by the trial court as part of the resentencing entry, supports the trial court's departure from imposing minimum sentences. Based on the record, we cannot say that the trial court's sentences were not supported by clear and convincing evidence or that they were contrary to law.
{¶ 5} Consequently, we overrule the sole assignment of error and affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See State v. McNeal (Nov. 2, 2001), 1st Dist. No. C-000717.
[2] (1999), 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131, syllabus.
[3] (1999), 136 Ohio App.3d 73, 75, 735 N.E.2d 972, jurisdictional motion overruled (2000), 88 Ohio St.3d 1445, 725 N.E.2d 285.
[4] See id.
[5] State v. Edmonson (1999), 86 Ohio St.3d 324, 1999-Ohio-110,715 N.E.2d 131, syllabus.