OPINION
{¶ 1} This is an appeal from a Stark County jury verdict of guilt as to a charge of felonious assault.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The facts underlying the charge are that appellant and one Michael Fitzgerald together with others were at Andre's Bar. After some time they drove together to a residence. (The reasons for this trip were disputed.) Appellant alleges that at this time Fitzgerald called him a "punk nigger" and a physical confrontation occurred.
{¶ 3} Later, appellant found that his apartment had been trashed. He believed that this was done by Fitzgerald and upon seeing Fitzgerald coming up the apartment stairs became involved in an argument. At this time appellant was charged with striking Fitzgerald with a golfclub, breaking his arm.
{¶ 4} Witnesses and the police observed appellant with a broken golfclub.
{¶ 5} Appellant raises three Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 6} "THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTING ATTORNEY TO DISMISS THE ONLY BLACK JUROR THAT APPEARED FOR THE APPELLANT'S JURY TRIAL."
 {¶ 7} "THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO OBTAIN THE VICTIM'S MEDICAL RECORDS TO VERIFY THE INJURIES THE VICTIM SUSTAINED."
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED THE APPELLANT'S OBJECTION TO PHOTOGRAPHS THAT THE STATE HAD FAILED TO PROVIDE IN ACCORDANCE WITH THE DISCOVERY PROVISIONS OF CRIMINAL RULE 16."
 I.
{¶ 9} The first Assignment of Error addresses the exclusion by way of a peremptory challenge of the sole African-American Juror (No. 254) from the selected Jury. (Appellant' is also African-American).
{¶ 10} Such excused person worked at the same place of employment as appellant. While Juror 254 knew appellant and would speak to him at work, she indicated that this would not affect her decision making if selected.
{¶ 11} However, when prospective jurors were asked if they knew anyone involved in this case, Juror No. 254 referred to appellant by his first name "I know Benny." (T. at p. 27)
{¶ 12} Batson v. Kentucky (1986), 476 U.S. 79 prohibits racially motivated exclusion of prospective jurors.
{¶ 13} There are three prongs applicable to a court's determination as to a claim of racial exclusion in the exercise of a peremptory challenge.
{¶ 14} In step one, the opponent of the peremptory challenge at issue must make a prima facie case that the proponent was engaging in racial discrimination. In step two, the proponent must come forward with a race-neutral explanation for the strike. In step three, the trial court must decide, on basis of all the circumstances, whether the opponent has proved racial discrimination. Purkett v. Elem (1995), 514 U.S. 765,767-768, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834, 839; State v. White,85 Ohio St.3d at 436, 709 N.E.2d at 147. State v. Murphy (2001),91 Ohio St.3d 516, 528, 747 N.E.2d 765, 785.
{¶ 15} In this case the prosecution wished to excuse Juror No. 254 because of their working relationship. Appellant offered nothing indicating racial discrimination, other than appellant and Juror No. 254 were African-American. The State's basis for exclusion was determined by the trial court to be warranted. (T. at p. 82, 83, 84).
{¶ 16} Under State v. Hernandez (1992), 63 Ohio St.3d 577, cert. denied (1992) 506 U.S. 898 we are unable to sustain the first Assignment of Error as the trial court's ruling was not clearly erroneous. Here, the trial court correctly determined that a race neutral explanation had been provided.
 II.
{¶ 17} The second Assignment of Error asserts ineffective assistance of counsel in failing to obtain the victim's medical records as to injuries sustained.
{¶ 18} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
{¶ 19} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
{¶ 20} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
{¶ 21} In this case this assertion as to these medical records not having been provided is not supported by the record. Page 9 of the transcript reveals:
 MR. WAKSER: That is correct, Your Honor. The State has provided me with the records of Mr. Fitzgerald and I would stipulate to the admissibility in this trial without the records custodian having to testify.
{¶ 22} We therefore conclude that the second Assignment of Error is not well taken.
 III.
{¶ 23} The third Assignment of Error directs our attention to the trial court's abuse of discretion by admission of photographs not provided to appellant's counsel.
{¶ 24} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
{¶ 25} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 26} The trial court, while obviously unhappy with the prosecutor for failing to follow through in making contact with appellant's counsel when the injury photographs became available. (T. at p. 128-129), was faced with a difference of opinion as to whether the opportunity to make a review appointment occurred.
{¶ 27} Also, there is no question that a continuing duty to disclose was required under Crim.R. 16(D).
{¶ 28} The trial court's admission decision was based on the totality of the circumstances of the defense's indicated position to wit: that appellant admittedly had struck Fitzgerald with the golf club (T. at p. 111) but that due to the provocation, such action did not rise to felonious assault.
{¶ 29} Based upon these circumstances, the trial court determined that no prejudicial effect to appellant would occur by admission of the photographs.
{¶ 30} We find that no abuse of discretion occurred.
{¶ 31} The third Assignment of Error is rejected.
{¶ 32} The decision of the Stark County Common Pleas Court is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Stark County Common pleas Court is affirmed. Costs assessed to appellant.