THE STATE OF OHIO, APPELLEE, *v.* HERNANDEZ, APPELLANT.

[Cite as *State v. Hernandez* (1992), 63 Ohio St.3d 577.]

(No. 91-1131—Submitted February 12, 1992—Decided May 6, 1992.)

578

580

*Robert L. Herron,* Prosecuting Attorney, for appellee.

*Christopher D. Stanley,* for appellant.

*Per Curiam.* The solitary issue presented for our review concerns whether the exercise of a peremptory challenge by the state which had the effect of excluding the only minority member of the jury venire from service on the trial jury was a violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. In support of his contention that the exclusion of Mrs. Lacy was constitutionally infirm, appellant relies upon the decision of the United States Supreme Court in *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69. The decision in *Batson* recognized that the Equal Protection Clause of the United States Constitution precluded purposeful discrimination by the state in the exercise of its peremptory challenges so as to exclude members of minority groups from service on petit juries. *Batson, supra,* at 89, 106 S.Ct. at 1719, 90 L.Ed.2d at 82–83. In order to determine whether purposeful discrimination is present, the Supreme Court provided the following guidance:

" * * * To establish such a case, the defendant first must show that he is a member of a cognizable racial group, *Castaneda v. Partida, supra* [ (1977), 430 U.S. 482], at 494 [51 L.Ed.2d 498, 510, 97 S.Ct. 1272, 1279], and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' *Avery v. Georgia* [1953], 345 U.S. [559], at 562 [97 L.Ed. 1244, 1247–1248, 73 S.Ct. 891, 892]. Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

"In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. * * *

"Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. Though this requirement imposes a limitation in some cases on the full peremptory character of the historic challenge, we emphasize that the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause. See *McCray v. Abrams* [2nd Cir., 1984], 750 F.2d [1113], at 1132; *Booker v. Jabe*, 775 F.2d 762, 773 (CA6 1985), cert. pending, No. 85–1028 [certiorari granted and judgment vacated (1986), 478 U.S. 1001, 92 L.Ed.2d 705, 106 S.Ct. 3289]. But the prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of the defendant's race on the assumption—or his intuitive judgment—that they would be partial to the defendant because of their shared race. * * * Nor may the prosecutor rebut the defendant's case merely by denying that he had a discriminatory motive or 'affirm[ing] [his] good faith in making individual selections.' *Alexander v. Louisiana* [1972], 405 U.S. [625], at 632 [31 L.Ed.2d 536, 543, 92 S.Ct. 1221, 1226]. If these general assertions were accepted as rebutting a defendant's prima facie case, the Equal Protection Clause 'would be but a vain and illusory requirement.' *Norris v. Alabama, supra* [ (1935), 294 U.S. 587], at 598 [79 L.Ed. 1074, 1081, 55 S.Ct. 579, 583]. The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried. The trial court then will have the duty to determine if the defendant has established purposeful discrimination." (Footnotes omitted.) 476 U.S. at 96–98, 106 S.Ct. at 1723–1724, 90 L.Ed.2d at 87–89.

The conclusion of the trial court that the state did not possess discriminatory intent in the exercise of its peremptory challenges will not be reversed on appeal absent a determination that it was clearly erroneous. *Hernandez v. New York* (1991), 500 U.S. ——, ——, 111 S.Ct. 1859, 1871, 114 L.Ed.2d 395, 412 (plurality opinion).

In addressing the *Batson* claim advanced by appellant below, the court of appeals rejected it in part because appellant was not of the same race as the excluded prospective juror. However, since the opinion of the appellate court was released, the United States Supreme Court decided *Powers v. Ohio* (1991), 499 U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411. In *Powers,* the Supreme Court observed that the Fourteenth Amendment operates not only to protect the rights of the accused but also the rights of prospective jurors from the discriminatory use of peremptory challenges by the state. *Id.* at ——, 111 S.Ct. at 1370, 113 L.Ed.2d at 424. Moreover, the *Powers* court further concluded that a criminal defendant possesses standing to advance the equal protection rights of prospective jurors who are excluded by such practices from participating in his trial. *Id.* at ——, 111 S.Ct. at 1373, 113 L.Ed.2d at 428.

Thus, it is immaterial to our analysis that appellant is Hispanic while Lacy is black. For purposes of a *Batson* challenge, it is the race of the prospective juror alone that triggers the inquiry.

With these principles clearly in mind, we turn our attention to the conduct of the proceedings in the present case. At the outset we observe that the objection to the peremptory challenge below proceeded in a manner not unlike that presented in *Hernandez v. New York, supra.* Much like the prosecution in *Hernandez,* the state in the case *sub judice* did not await a determination by the trial court that appellant had established a prima facie case of discrimination. See *Hernandez, supra,* 500 U.S. at ——, 111 S.Ct. at 1864, 114 L.Ed.2d at 403. Accordingly, we will indulge the assumption (as did the court in *Hernandez*) that a prima facie demonstration of discrimination has been made by the appellant and proceed to consider the arguments of the state that a race-neutral basis for the exclusion exists.

As observed in *Hernandez:*

" * * * Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot." 500 U.S. at ——, 111 S.Ct. at 1866, 114 L.Ed.2d at 405.

In the case at bar, the state contends that its reason for excusing Mrs. Lacy was not her race. Rather, the state contends it harbored doubts concerning

her physical ability to withstand the rigors of a lengthy trial and the effect that such a condition would have on her attentiveness to the trial proceedings. Additionally, the state was concerned about possible bias on her part arising from her supposed acquaintance with another criminal defendant by the name of Lacey whose trial had recently concluded in the same county. While self-serving comments by the prosecutor that he was not racially motivated are not sufficient to satisfy the burden of the state to demonstrate a race-neutral basis for its peremptory challenge, *Batson, supra,* the representations of the state in the present case that other criteria governed its decision are supported by the record. On several occasions, Mrs. Lacy expressed reservations regarding her ability to serve on the jury due to her arthritic condition and, at one point, asked to be excused on that basis. Moreover, Mrs. Lacy acknowledged that she knew of Frank Lacey. While such concerns may or may not be sufficient to exclude Mrs. Lacy for cause, *Batson* clearly holds that the basis for a peremptory challenge need not rise to this level to avoid the conclusion that such behavior is constitutionally infirm. Indeed, in the case at bar, the trial court denied a challenge to Mrs. Lacy for cause.

We have reviewed the analysis undertaken by the trial court prior to ruling on the motion by appellant to strike the state's peremptory challenge to Mrs. Lacy. Our review of the trial court's consideration of the motion as well as its disposition of the state's challenge to Mrs. Lacy for cause reveals that the court was scrupulously fair to the parties and conscientious in the performance of its duties. Consequently, we cannot conclude that its decision to permit the peremptory challenge was clearly erroneous.[1] The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

1. Inasmuch as we have concluded that the trial court was correct in concluding that the state satisfied its burden to demonstrate a race-neutral basis for its peremptory challenge, it is unnecessary to consider whether appellant had established a prima facie case of discrimination. See *Hernandez v. New York, supra.*