OPINION
Defendant Gary Gibson appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, which convicted and sentenced him for one count of assault in violation of R.C. 2903.13. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERRORS
 ASSIGNMENT OF ERROR NO. I
 THE EXCLUSION OF AN AFRICAN-AMERICAN JUROR BY THE STATE'S USE OF A PEREMPTORY CHALLENGE WAS A VIOLATION OF MR. GIBSON'S RIGHTS TO EQUAL PROTECTION AND DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2 AND 10 OF THE OHIO CONSTITUTION WHERE THE RECORD FAILS TO MAKE CLEAR THAT THE TRIAL JUDGE UNDERSTOOD AND APPLIED THE PRECISE TEST SET FORTH IN BATSON V. KENTUCKY (1986), 476 U.S. 79.
 ASSIGNMENT OF ERROR NO. II
 MR. GIBSON WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW, A FAIR TRIAL, EFFECTIVE ASSISTANCE OF COUNSEL AND COMPULSORY PROCESS WHEN THE TRIAL COURT REFUSED TO ALLOW APPOINTED COUNSEL TO WITHDRAW FROM THE CASE AND/OR TO GRANT A CONTINUANCE TO SECURE THE ATTENDANCE OF WITNESSES IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
At trial, the State presented evidence appellant assaulted his girlfriend on September 8, 1997. The complaining witness filed a police report concerning the incident, but originally told the police two unknown persons had attacked her. At trial, she testified she was afraid to tell police it was the appellant who attacked her.
 I
During voir dire, the State sought to exercise a preemptory challenge against juror number 46, who was an African-American. The United States Supreme Court in Batson v. Kentucky (1986),476 U.S. 79, articulated a test for courts to apply to ensure African-American jurors are not excluded from a jury because of racial motivation. In Hicks v. Westinghouse Materials Company
(1997), 78 Ohio St.3d 95, the Ohio Supreme Court outlined theBatson test:
 The United States Supreme Court set forth in Batson
the test to be used in determining whether a peremptory strike is racially motivated. First, a party opposing a peremptory challenge must demonstrate a prima-facie case of racial discrimination in the use of the strike. Id.
At 96. To establish a prima facie case, a litigant must show he or she is a member of a cognizable racial group and that the peremptory challenge will remove a member of the litigant's race from the venire. The peremptory-challenge opponent is entitled to rely on the fact that the strike is an inherently `discriminate' device, permitting `those to discriminate who are of a mind to discriminate.' State v. Hernandez (1992), 63 Ohio St.3d 577, 582. The litigant must then show an inference of racial discrimination by the striking party. The trial court should consider all relevant circumstances in determining whether a prima facie case exists, including all statements by counsel exercising the peremptory challenge, counsel's questions during voir dire, and whether a pattern of strikes against minority venire members is present. See, Batson at 96-97. Assuming a prima facie case exists, the striking party must then articulate a race-neutral explanation "related to the particular case to be tried." Id. At 95, 106 S.Ct. at 1724, 90 L.Ed.2d at 88. A simple affirmation of general good faith will not suffice. However, the explanation "need not rise to the level justifying exercise of a challenge for cause." Id. At 97. The critical issue is whether a discriminatory intent is inherent in counsel's explanation for use of the strike. Intent is present if the explanation is merely pretext for exclusion on the basis of race. Hernandez v. New York (1991), 500 U.S. 352, 363."
Upon defense counsel's objection, the trial court asked the prosecutor to explain his reasons for exercising the preemptory strike. The prosecutor indicated he was disturbed by the answer of juror number 46 to defense counsel's questioning of whether or not the defendant should have to testify. The prosecutor indicated he simply did not like the juror's answers, and was struck by what he referred to as the "adamancy" of the juror. Defense counsel asserted to the court this was insufficient to excuse a juror, but the court overruled the objection and excused the juror.
Applying the Batson test, we will presume defense counsel made a prima facie case, as the court impliedly found. We find the State's racially neutral reason for the preemptory strike was insufficient to rebut the implication the strike was racially motivated.
The first assignment of error is sustained.
 II
In his second assignment of error, appellant urges he was denied the effective assistance of counsel because the court overruled appointed counsel's motion to withdraw from the case, or in the alternative, for a continuance in order to secure the attendance of witnesses appellant wished to have called for his defense.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court developed a two-prong test requiring an appellant to show both his counsel's representation fell below an objective standard of essential duty to the client, and also to show the substandard performance of counsel actually prejudiced the appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the Strickland test, see State v.Bradley (1989), 42 Ohio St.3d 136.
Appellant asserts there was a personality conflict between himself and defense counsel, which was severely compounded by defense counsel's failure to subpoena certain alibi witnesses. Although appellant maintained the witnesses could establish an alibi for him, defense counsel felt the witnesses in question would not support the alibi. The trial court refused to appoint new counsel, continue the trial date or both. The trial court gave appellant ten minutes to call his witnesses, and appellant was unable to make contact with the witnesses in that length of time.
In State v. Tyler (1990), 50 Ohio St.3d 24, the Ohio Supreme Court held an accused has the right to decide what is in his best interest in his trial. The court found a trial court is obliged to honor appellant's reasonable choice, Tyler at 29, citingFaretta v. California (1975), 422 U.S. 806.
We find the trial court did not abuse its discretion in refusing to delay the case at this point in the proceedings.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Canton, Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.