[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Darrell Richardson, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of two counts each of aggravated robbery and robbery, with firearm specifications. He was convicted of the offenses and specifications after a jury trial. For the following reasons, we affirm the judgment of the trial court.
In his first assignment of error, Richardson argues that the convictions were based upon insufficient evidence and were contrary to the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a judgment as against the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
R.C. 2911.01, the aggravated-robbery statute, provides the following:
 No person, in attempting or committing a theft offense * * * shall do any of the following:
 Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate the offender possesses it, or use it * * *.
 Similarly, R.C. 2911.02(A)(1), the robbery statute, provides that no person, while committing or attempting a theft offense, shall "[h]ave a deadly weapon on or about the offender's person or under the offender's control * * *."
In the case at bar, the convictions were in accordance with the evidence. Shante Haymore testified that a person whom she later identified as Richardson held her at gunpoint while an unidentified person held her friend, Tobi Kirchenwitz, at gunpoint in the parking lot of a delicatessen. Haymore testified that Richardson demanded money and took her wallet, containing her money and other property. Kirchenwitz testified that Richardson's companion also demanded money and took approximately $4.00 from her. She further testified that she had the opportunity to observe the person who accosted Haymore, and she identified that person as Richardson. Although Richardson emphasizes certain alleged weaknesses in the state's case, such as the lack of physical evidence and certain inconsistencies in the identification testimony, we cannot say that the jury clearly lost its way in finding that Richardson had participated in the robberies.
Richardson also contends that his convictions for the offenses relating to Kirchenwitz were improper, because the unidentified companion was the perpetrator of those offenses. We find no merit in this argument. The evidence indicated that Richardson and his companion had committed the offenses as part of a common plan and that Richardson's actions in holding Haymore at gunpoint had facilitated the robbery of Kirchenwitz. Thus, Richardson was properly convicted as an accomplice.
Next, Richardson argues that he was improperly convicted of the firearm specifications, because the state failed to present evidence of operability. We disagree. To establish a firearm specification, the state is required to prove that the weapon was capable of firing a projectile and was operable or could readily have been rendered operable at the time of the offense.[3] But R.C. 2923.11(B)(2) provides that, in determining whether a weapon is capable of expelling a projectile, "the trier of fact may rely on circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm." Further, we have repeatedly held that a victim's belief that the weapon was a gun, together with the intent on the part of the accused to create and use that belief for his own criminal purposes, is sufficient to prove a firearm specification.[4]
In the instant case, Haymore testified that Richardson brandished a gun while demanding money. Haymore was able to give a fairly detailed description of the gun and testified that she was afraid of being shot. Similarly, Kirchenwitz testified that the unidentified assailant brandished a gun while demanding money and that she believed the gun to be operable. Under these circumstances, the convictions for the firearm specifications were proper.
In his second and final assignment of error, Richardson argues that he was denied a fair trial as a result of the prosecutor's use of peremptory challenges to excuse two African-American jurors. We find no merit in this argument. To establish a prima facie case of racial discrimination in the selection of a jury, the defendant must establish that members of a cognizable racial group were peremptorily challenged and that the facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory challenges to exclude jurors on account of their race.[5] If the defendant makes a prima facie case of discrimination, the state must then provide a race-neutral explanation for its use of the challenges.[6] A trial court's finding of no discriminatory intent will not be disturbed unless it is clearly erroneous.[7]
In the case at bar, we assume, without deciding, that Richardson established a prima facie case of discrimination. The state, though, explained its use of the peremptory challenges by stating that the challenged jurors were unresponsive to questioning by the prosecuting attorney and demonstrated limited life experiences. These were valid, race-neutral reasons for excusing the prospective jurors, and we find no clear error in the trial court's finding of no discriminatory intent. The second assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Sundermann, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[3] State v. Roberts (May 3, 1995), Hamilton App. No. C-940509, unreported.
[4] See, e.g., State v. James (Dec. 22, 1994), Hamilton App. No. C-930618, unreported.
[5] See Batson v. Kentucky (1980), 476 U.S. 79, 96, 106 S.Ct. 1712,1723.
[6] Id.; State v. Hill (1995), 73 Ohio St.3d 433, 445, 653 N.E.2d 271,282.
[7] State v. Hernandez (1992), 63 Ohio St.3d 577, 583, 589 N.E.2d 1310,1314.