DECISION.
Defendant-appellant, Aaron Dockery, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of failure to comply with the order or signal of a police officer. For the following reasons, we affirm the trial court's judgment.
On the night of July 18, 1999, Cincinnati police officers Guy Abrams and Thomas Slade were on routine patrol in their cruiser. They observed an automobile with a defective muffler and activated their lights and siren in an attempt to stop the vehicle. The driver of the car did not stop but rather led the officers on a brief chase.
When the vehicle did stop, the driver exited and ran. The officers saw the suspect for a brief period of time before he ran. Abrams pursued the suspect, who looked over his shoulder several times as he fled. When the suspect looked back, Officer Abrams was able to see his face with the aid of a flashlight. The suspect eventually crossed the Mill Creek, and Abrams ended his pursuit.
When the officers searched the suspect's automobile, they found a credit-card billing statement bearing the name "Aaron Dockery." They returned to the police station, and Abrams searched for the name on their computer. He retrieved a picture of Dockery, and both officers identified Dockery as the person who had fled from them earlier in the night.
The case proceeded to a jury trial. Prior to charging the jury, the trial court dismissed the portion of the indictment that charged Dockery with causing a substantial risk of serious physical harm to persons or property.[1] The charge was thus reduced to a misdemeanor of the first degree pursuant to R.C. 2921.331(C)(3). The jury returned a verdict of guilty, and this appeal followed.
In his first and second assignments of error, Dockery argues that the trial court erred in overruling his motion for a mistrial and his motion to strike. Both motions were directed at a portion of Officer Slade's testimony alluding to Dockery's criminal record. In explaining to the jury how Officer Abrams was able to develop Dockery as the suspect who had eluded them, Officer Slade testified, "We use a computer system through Hamilton County. It's called a Mug Master. We have pictures of individuals that are convicted of crimes."
On appeal, Dockery argues that the testimony constituted improper "other acts" evidence and therefore violated Evid.R. 404(B).[2] The state has conceded in oral argument that the evidence was erroneously admitted, but it insists that the error was harmless.
While we agree with Dockery that the correct procedure would have been to grant the motion to strike the testimony and to instruct the jury to disregard it, we hold that the error was harmless beyond a reasonable doubt. Officer Slade did not relate the specifics of Dockery's prior criminal history, and the prosecutor did not comment upon the testimony so as to emphasize that Dockery had a criminal record. Moreover, the state's evidence consisted of the eyewitness testimony of two police officers, thus reducing the potential that the jury based its guilty verdict on the brief reference to Dockery's criminal past. In the context of the entire proceedings, the contested testimony was inconsequential.[3] Accordingly, we find no prejudice in the court's denial of Dockery's motion to strike and his motion for a mistrial. The first and second assignments of error are overruled.
In his third assignment of error, Dockery claims that the trial court erred in failing to suppress the evidence relating to the officers' pretrial identification of Dockery as the perpetrator, because the procedures surrounding the identification were unnecessarily suggestive. Specifically, Dockery contends that Officers Abrams and Slade should have asked other officers to prepare a photographic array instead of obtaining Dockery's photograph from police resources themselves. We find no error.
While showing a witness only one photograph is generally deemed unnecessarily suggestive, the identification may still be admissible if, based upon the totality of the circumstances, it is reliable.[4] InBiggers, the court set forth five factors to consider in measuring the reliability of an identification: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.[5]
Here, both Officer Abrams and Officer Slade had a sufficient opportunity to view the suspect at the time of the crime. They first viewed the suspect's face after he left his vehicle. Although this observation occurred around midnight, the area was illuminated by an adjacent parking lot. Both officers testified that they could readily observe the suspect's face at that time, and both indicated that they were intently focused on the suspect during their contact with him. Moreover, during the ensuing chase, the suspect looked back at Abrams, and Abrams was able to shine his flashlight on the suspect's face. Based upon his observation of the suspect, Abrams was able to give a detailed description of him over his portable radio.
Examination of the other Biggers factors also indicates that the identification was reliable. The officers observed the photograph minutes after the offense occurred, and both officers immediately and unequivocally recognized Dockery as the suspect they had been pursuing. For these reasons, we hold that the officers' pretrial identification of Dockery as the offender was sufficiently reliable to be admissible at trial. The third assignment of error is therefore overruled.
In his fourth and final assignment of error, Dockery contends that the trial court erred in allowing the state to use a peremptory challenge to remove the only prospective African-American juror from the venire.[6]
We find no merit in the assignment.
After the defendant has made a prima facie case of discrimination in the selection of a jury, the state must then provide a race-neutral explanation for its use of a peremptory challenge.[7] To shift the burden of persuasion back to the defendant, the explanation offered by the state need not be persuasive, or even plausible; unless a discriminatory intent is inherent in the prosecution's explanation, the reason offered will be deemed race-neutral.[8] A trial court's finding of no discriminatory intent will not be disturbed unless it is clearly erroneous.[9]
In the case at bar, we cannot say that the trial court's finding of no discriminatory intent was clearly erroneous. The state did articulate a race-neutral reason for removing the prospective juror. The prosecutor explained that the prospective juror had indicated on the written juror questionnaire that she or a member of her family had been the victim of a crime. During voir dire, though, the prospective juror stated that she was referring to her son, who had been convicted of a crime and imprisoned. Further, the prospective juror declined to relate, when asked, the nature of her son's conviction. The state explained that the prospective juror's inability to differentiate between the victim of a crime and the perpetrator, coupled with her subsequent evasiveness about her son's record, were the reasons for the peremptory strike. We hold that the prosecution provided a valid, race-neutral justification for the peremptory strike and that the trial court properly rejected Dockery's claim of discrimination. Accordingly, Dockery's fourth assignment of error is overruled, and the judgment of the common pleas court is affirmed.
Judgment affirmed.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[1] See R.C. 2921.331(C)(5)(a)(ii). A violation of this section makes failure to comply a felony of the third degree.
[2] See State v. McCray (June 29, 2001), Hamilton App. No. C-000065, unreported, jurisdictional motion overruled (2001), 93 Ohio St.3d 1459,756 N.E.2d 1235.
[3] See id.; State v. Raheem (Sept. 18, 1998), Hamilton App. No. C-970928, unreported.
[4] Neil v. Biggers (1972), 409 U.S. 188, 199, 93 S.Ct. 375, 382.
[5] Id.
[6] At trial, the court failed to conduct a hearing on the peremptory strike pursuant to Batson v. Kentucky (1986), 476 U.S. 79,106 S.Ct. 1712. In a previous appeal, this court held that Dockery had established a prima facie case of discrimination and remanded the cause to the trial court for a Batson hearing. See State v. Dockery (Jan. 18, 2002), Hamilton App. No. C-000316, unreported. On remand, the court conducted a hearing and found no discriminatory intent on the part of the state. The transcript of that hearing is now part of the present appeal.
[7] State v. Hill (1995), 73 Ohio St.3d 433, 445, 653 N.E.2d 271,282.
[8] Purkett v. Elem (1995), 514 U.S. 765, 767-768, 115 S.Ct. 1769,1771, quoting Hernandez v. New York (1991), 500 U.S. 352, 360,111 S.Ct. 1859, 1866.
[9] State v. Hernandez (1992), 63 Ohio St.3d 577, 583,589 N.E.2d 1310, 1314.