OPINION
{¶ 1} In July 2001, defendant, Daniel Ingram, was indicted and charged with one count of aggravated burglary in violation of R.C. 2911.11, one count of aggravated robbery in violation of R.C. 2911.01, four counts of robbery in violation of R.C. 2911.02, and two counts of abduction in violation of R.C. 2905.02. Defendant was tried before a jury, which found him guilty of aggravated burglary, robbery, and abduction. Defendant now appeals the October 31, 2001 judgment of the Franklin County Court of Common Pleas finding him guilty of those counts, and sentencing him to a total of 15 years' incarceration to be served at one of the correctional facilities operated by the Ohio Department of Rehabilitation and Correction. Defendant presents the following assignment of error:
{¶ 2} "The trial court errs when it allows the prosecution to peremptorily excuse two African-American jurors, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution."
{¶ 3} Defendant maintains that the state excused two potential African-American jurors on the basis of race denying him equal protection under the law pursuant to Batson v. Kentucky (1986), 476 U.S. 79,106 S.Ct. 1712. In State v. McKinzie (June 5, 2001), Franklin App. No. 00AP-1182, this court recently explained:
{¶ 4} "In Batson, supra, the United States Supreme Court held that the Equal Protection Clause of the United States Constitution precludes purposeful discrimination by the state in the exercise of its peremptory challenges as to exclude members of minority groups from service on petit juries. Id. at 89; see, also, State v. Hernandez (1992), 63 Ohio St.3d 577,581. Batson has since been extended to criminal defendants who are not of the same race as the excluded jurors, Powers v. Ohio (1991),499 U.S. 400; civil cases, Edmonson v. Leesville Concrete Co., Inc. (1991), 500 U.S. 614; defense peremptory challenges, Georgia v. McCollum (1992), 505 U.S. 42; and gender based peremptory challenges, J.E.B. v. Alabama ex rel. T.B. (1994), 511 U.S. 127. The burden of proof is on defendant to show that the state has used a peremptory challenge in a discriminatory manner. Batson, supra, at 96 S.Ct. 1723.
{¶ 5} "Following Batson, a three-step burden-shifting procedure was established to determine if the peremptory challenge is race based. First, the defendant, as the opponent of the strike, must establish a prima facie showing that the state purposefully discriminated in exercising a peremptory challenge to remove a prospective juror. To make a prima facie case of purposeful discrimination, defendant must demonstrate: (1) that members of a cognizable racial group were peremptorily challenged; and (2) that the facts and any other relevant circumstances raise an inference that the state used the peremptory challenges to exclude jurors on account of their race. State v. Hill (1995), 73 Ohio St.3d 433, 444-445.
{¶ 6} "If defendant makes a prima facie case of discrimination, the burden then shifts to the state to provide a race neutral explanation. Id. at 445. The neutral reason given by the state need not rise to the level justifying exercise of a challenge for cause. Batson, at 97. In fact, the United States Supreme Court has held that '[t]he second step of this process does not demand an explanation that is persuasive, or even plausible. "* * * Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."' Purkett v. Elem (1995), 514 U.S. 765, 767-768, quoting Hernandez v. New York (1991), 500 U.S. 352, 360 (plurality opinion).
{¶ 7} "Finally, the trial court must determine whether the neutral explanation offered by the state is credible or, is instead, a `pretext' for unconstitutional discrimination. Hernandez, at 363. The United States Supreme Court noted in Hernandez, '[i]n the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge.' Id. at 365. * * *" Id.
{¶ 8} As noted, defendant argues the prosecutor exercised two peremptory challenges in a racially discriminatory manner. In order to make a prima facie case of purposeful discrimination, an accused must demonstrate that members of a recognized racial group were peremptorily challenged, and that the facts, and any other relevant circumstances, raise an inference that the prosecutor used the peremptory challenges to exclude jurors on account of their race.
{¶ 9} Having carefully reviewed the trial transcript, we believe that the trial court acted within its discretion when presented with the defendant's Batson challenges. Construing the circumstances in favor of defendant, defendant established the first element of his prima facie case, as plaintiff excluded the only two potential African-American jurors from the venire. As for the plaintiff's first burden, this could be evidence of a "pattern" of striking African-American's from the jury panel.
{¶ 10} The trial court then asked the prosecutors to articulate the specific race-neutral reason or reasons which caused them to exercise these two peremptory challenges. In articulating the basis for striking Ms. Charlotte Long, the state explained:
{¶ 11} "She was very reluctant to judge people during that portion of our questioning, not that she would absolutely refuse, but she had difficulty with it we believe. And quite honestly, when we talked about the highest burden of proof being beyond a reasonable doubt, its appropriateness in a criminal case, she seemed very enthusiastic about it and maybe a little uneasy. * * *" (Tr. Vol. I, at 185-186.)
{¶ 12} The prosecutor's proffered explanation, that he struck Ms. Long because he was uncomfortable about her great reluctance and unease with judging people is race-neutral. The prosecutor also indicated that Ms. Long was very enthusiastic, and answered loudly when questioned about the burden of proof placed upon the state. Id. That too is a facially race-neutral reason. When given the opportunity to respond, defense counsel noted simply that he did not personally "recall that response," and stated that he did not feel that the explanation was sufficient. Id. at 186.
{¶ 13} Defense counsel proffered a second Batson objection when the prosecutors exercised their third peremptory challenge to exclude Ms. Lynn Gibson from the jury. When questioned by the court regarding this challenge, the prosecutor explained:
{¶ 14} "If I may provide a race-neutral reason, your honor. I watched this juror as Mr. Zeyen conducted voir dire, she seemed extremely tired and distracted. She also was not very warm to Mr. Zeyen, and extremely warm when questioned by [defense counsel], especially when he asked her about — questioned her about how people have been convicted and then exonerated in DNA cases.
{¶ 15} "She was very enthusiastic to say because of eyewitness testimony. She also was quick to agree with him regarding having mistakenly called out to somebody across the ball field, but just as much a concern was her mannerisms. She appeared to be falling asleep during Mr. Zeyen's questioning, and rubbing her eyes looking around the room, and did not seem to have the same attitude towards [defense counsel]." (Tr. Vol. I, at 187-188.)
{¶ 16} In response, defense counsel stated that he did not recall Ms. Gibson's responses concerning DNA questioning and, further, that he did not think that the prosecutor had offered a sufficient race-neutral reason for excluding her from the jury.
{¶ 17} Batson requires the trial court to determine whether the reasons given were legitimate, or whether they were in fact a pretext for discrimination. When reviewing a prosecutor's ostensibly race-neutral reasons for exercising a peremptory challenge, this court generally gives great deference to the findings of the trial court, since those findings rest almost exclusively upon the trial court's evaluation of the prosecutor's credibility in the given circumstance. Batson, supra, at 98. Indeed, the Ohio Supreme Court has held that a trial court's findings will not be reversed unless it is shown that those findings are clearly erroneous. Hernandez, supra, at 583. The ultimate burden of persuasion regarding racial motivation rests at all times with the opponent of the strike. State v. Gowdy (2000), 88 Ohio St.3d 387.
{¶ 18} Having carefully reviewed the voir dire transcript, we are unable to conclude that the trial court clearly erred when it concluded that the reasons given by the prosecution were racially neutral. In both cases, defense counsel proffered an objection to which the prosecution responded with ostensibly race-neutral explanations. In each instance, defense counsel responded that he did not recall the conduct to which the prosecution had referred, and then simply stated that in his opinion the reasons given were not sufficient. Having carefully reviewed the transcript of this proceeding, we are unable to conclude that defendant carried his burden of demonstrating that the challenges were racially motivated or that the trial court's determination is clearly erroneous. Accordingly, defendant's assignment of error is overruled.
{¶ 19} Having overruled defendant's sole assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT, J., and TYACK, P.J., concur.