[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Vaughn Henderson, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of two counts robbery, a felony of the third degree. He was convicted of the offenses after a jury trial.
{¶ 3} At trial, the state presented the testimony of two loss-prevention officers who were employed at a grocery store. The officers testified that, on the night of the offenses, Henderson had shoplifted a number of razor cartridges. When the officers confronted him near the exit of the store, he began to struggle with them. In the course of the struggle, Henderson caused the officers bruises and other injuries.
{¶ 4} Henderson took the stand in his own defense. He admitted to shoplifting the razor cartridges but denied that he had struggled with the officers. The jury returned verdicts of guilty on both counts of robbery.
{¶ 5} In his first assignment of error, Henderson argues that the state used racially motivated peremptory challenges to dismiss two prospective African-American jurors. We do not agree.
{¶ 6} To establish a prima facie case of racial discrimination in the selection of a jury, the defendant must demonstrate that the state used a challenge against a member of a recognized racial group and that the facts and other relevant circumstances raise an inference of discrimination.[1] After the defense has established a prima facie case, the burden shifts to the state to advance a race-neutral reason for excluding the prospective juror.[2] The state's explanation need not rise to the level necessary for a challenge for cause.[3] An appellate court will not reverse a finding of no discrimination unless it is clearly erroneous.[4]
{¶ 7} Here, the assistant prosecutor advanced racially neutral reasons for challenging both of the prospective jurors. She stated that one of the jurors was evasive during voir dire in questioning concerning prior arrests and that the other juror had admitted to a previous theft offense. We hold these to be valid, race-neutral justifications for the challenges, and we cannot say that the trial court's finding of no discrimination was clearly erroneous. The first assignment of error is overruled.
{¶ 8} In his second assignment of error, Henderson maintains that he was denied the effective assistance of trial counsel. To establish ineffective assistance of trial counsel, the defendant must show that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[5]
{¶ 9} Henderson first argues that counsel was deficient in admitting during opening statement that Henderson had committed the theft offense underlying the robberies. We hold this to have been sound trial strategy. It is evident that counsel's theory of the case was that Henderson had committed a theft offense but had not used or threatened the immediate use of force against the two officers. The admission of the theft offense was an attempt to narrow the issues and to ensure that Henderson would be convicted, at most, of a misdemeanor theft offense.
{¶ 10} Henderson next argues that counsel was deficient in revealing his criminal record to the jury. Again, we hold that this was legitimate trial strategy. Rather than allowing the state to reveal Henderson's prior record on cross-examination, counsel chose to inform the jury of his record during the direct examination of Henderson so that he would appear forthright. And while counsel was arguably ineffective in eliciting testimony from Henderson about a drug- abuse conviction that was more than ten years old and about a probation violation that arose from that conviction, we find no prejudice to have resulted. Given the strength of the state's evidence, as well as the numerous prior convictions that were properly revealed to the jury, we cannot say that Henderson's testimony about the prior drug-abuse conviction likely changed the outcome of the trial.
{¶ 11} Henderson next contends that counsel was ineffective in failing to request an in camera inspection of the grand-jury testimony of the state's witnesses and in failing to review the written notes that the witnesses used while testifying. Because these documents are not in the record before us, we cannot examine them for possible inconsistencies that may have aided Henderson's defense. Therefore, we cannot say that Henderson was prejudiced by his attorney's alleged dereliction.
{¶ 12} Henderson's final claim of ineffective assistance is his counsel's failure to seek the removal of a juror who had commented to a court employee that he had previously worked as a security guard and that he understood the actions of the guards in this case. The juror had sufficiently disclosed his experience during voir dire and had indicated that he could render a fair and impartial decision. Because the record discloses no prejudice to Henderson, we overrule his second assignment of error.
{¶ 13} In his third and fourth assignments of error, Henderson contends that his convictions were based on insufficient evidence and were contrary to the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[6] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[7]
{¶ 14} The robbery statute, R.C. 2911.02(A)(3), provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." In the instant case, the convictions were in accordance with the evidence. The loss-prevention officers testified that Henderson had stolen merchandise and then used force against them in an attempt to evade capture. That testimony was sufficient to prove the elements of the offenses. And while Henderson denied the use of force, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice in finding him guilty. Accordingly, the third and fourth assignments of error are overruled, and the judgment of the trial court is affirmed.
{¶ 15} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] Batson v. Kentucky (1980), 476 U.S. 79, 96, 106 S.Ct. 1712.
[2] Id. at 97.
[3] Id.
[4] State v. Hernandez (1992), 63 Ohio St.3d 577, 583,589 N.E.2d 1310.
[5] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[6] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[7] State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.