[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Fernando Kiner was found guilty by a jury of aggravated robbery with an accompanying gun specification. He appealed the ensuing conviction, raising two assignments of error. In his second assignment of error, Kiner argued that the prosecutor had engaged in racial discrimination by exercising a peremptory challenge against the only African-American juror on the panel.
{¶ 3} In State v. Kiner,[1] we held that because Kiner had made a prima facie case of purposeful discrimination, the state was required to set forth a race-neutral reason for excluding the juror. The trial court, however, had failed to seek a race neutral reason from the state before summarily overruling Kiner's objection. In State v. Dockery,[2]
we had held that when a trial court prohibits the state from giving its actual reasons for striking a juror and then relies on apparent reasons that the state could have articulated to defeat a Batson claim, the state must be afforded a second Batson hearing in which it can articulate its reasons for striking the juror. As a result, in Kiner, we remanded the case to the trial court for an evidentiary hearing on the claim of discrimination, so that the trial court could determine if the prosecution had violated the standard set forth in Batson in exercising its peremptory challenge. Our order instructed the trial court to certify and transmit its determination to us along with a transcript of the underlying evidentiary hearing.
{¶ 4} On remand, the trial court conducted a hearing on theBatson claim. During the hearing, the prosecutor who had represented the state at Kiner's trial presented his explanations for exercising the peremptory challenge against the African-American juror. On November 15, 2002, the trial court issued a decision, in which it concluded that the prosecutor's statement of his race-neutral reasons for challenging the juror was credible, and that Kiner had failed to meet his burden of proving intentional racial discrimination. The trial court certified its findings and transmitted its record of the hearing to this court. Because the record has been supplemented, we now review the trial court's determination in the process of reexamining Kiner's second assignment of error.
{¶ 5} In our prior decision, we recognized that a Batson hearing normally progresses through three stages. First, the defendant must make a prima facie showing that the prosecutor has exercised a peremptory challenge on the basis of race. Once the defendant makes such a showing, the burden then shifts to the prosecutor to articulate a race-neutral explanation for striking the juror in question. After hearing the defendant's response to the prosecutor's explanation, the trial court must then decide whether the prosecutor's reasons are pretextual and whether the defendant has carried his burden of proving purposeful discrimination.[3] We will not reverse a trial court's finding of no discriminatory intent on appeal unless it is clearly erroneous.[4]
 {¶ 6} Upon remand, the assistant prosecuting attorney offered the following explanation for striking the juror:
 {¶ 7} "Judge, Ms. Glover was excluded for her age, in part. She was twenty-three years of
{¶ 8} age. Additionally, I asked her about her employment history; she had been employed at Convergys for eight months. Prior to that she was employed as a temporary employee. When I asked her those questions, she kind of crossed her arms and looked away from me. Based on that, I felt that she was not willing to communicate with me adequately about that employment history."
{¶ 9} The trial court then asked defense counsel if he would like to respond to the state's explanation. Defense counsel stated the following:
{¶ 10} "The fact that a person is twenty-three years of age is not an adequate reason for rejecting a juror. We have young jurors serve on panels all the time, and they do a fine job. The fact of a spotty employment history I don't see it as spotty. The Court will have the record in front of it. * * * I'd ask the court to review the questions that were asked, and review the jury questionnaire, and make its own determination if this juror would have made a fine juror. I think she would. I think the only reason she was excluded was because she was African-American, and ask to [sic] court to make that finding."
{¶ 11} The trial court found that the assistant prosecuting attorney's reasons for striking the juror did not reflect any racial considerations. The court then stated that defense counsel had not made any showing of purposeful discrimination given the fact that the prosecutor was credible and that he had presented a reasonable basis for striking the juror.
{¶ 12} Having reviewed the record, we cannot say the trial court's finding that Kiner had failed to prove purposeful racial discrimination was clearly erroneous. Because the reasons offered by the prosecutor were race-neutral[5] and because the United States Supreme Court has recognized that the "evaluation of a prosecutor's state of mind based on demeanor and credibility lies `peculiarly within a trial judge's province,'"[6] we overrule the second assignment of error. And having reviewed Kiner's first assignment of error in our earlier decision, we affirm the judgment of the trial court.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Sundermann, P.J., Doan and Painter, JJ.
[1] 149 Ohio App.3d 599, 2002-Ohio-5578, 778 N.E.2d 144.
[2] 1st Dist. No. C-000316, 2002-Ohio-189.
[3] Batson v. Kentucky (1986), 476 U.S. 79, 96-98,106 S.Ct. 1712.
[4] State v. Hernandez (1992), 63 Ohio St.3d 577, 583,589 N.E.2d 1310.
[5] See, e.g., State v. Moore 81 Ohio St.3d 22, 29, 1998-Ohio-441,689 N.E.2d 1 (a juror's negative body language combined with other factors, was a race-neutral reason for striking juror).
[6] Hernandez v. New York (1991), 500 U.S. 352, 365,111 S.Ct. 1859.