JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Damon Bolton ("defendant") appeals from the judgment of the trial court which denied his motion challenging the plaintiff-appellee State of Ohio's ("State") use of alleged race-based peremptory challenges. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} The defendant was indicted on one count of drug trafficking and one count of tampering with evidence. The matter proceeded to a jury trial on June 24, 2002. The jury returned guilty verdicts on both counts and the trial court sentenced the defendant accordingly. The defendant challenges the state's use of peremptory challenges to excuse two black jurors, leaving two black jurors on the panel. In his sole assignment of error on appeal, the defendant states:
 {¶ 3} "I. The trial court erred in permitting the prosecutor to make peremptory challenges on the basis of race, thus denying the defendant his right to due process and equal protection."
 {¶ 4} It is a violation of the equal protection clause to exclude jurors on the basis of race. Batson v. Kentucky (1986), 476 U.S. 79. The defendant must present a prima facie case that the circumstances raise an inference of discrimination. Id, State v. Hernandez (1992),63 Ohio St.3d 577. Once the defendant establishes a prima facie case, the burden shifts to the state to articulate a racially neutral reason for excusing the venire member. Id. Once the prosecution advances a non-discriminatory reason, the trial court must decide whether the defendant carried his burden to prove purposeful discrimination. Batson,supra; Hernandez, supra.
 {¶ 5} Only if the trial court determines, in its discretion, that the defendant has shown an inference of discrimination, does the burden shift to the prosecution to articulate a race neutral reason for excluding the prospective juror or jurors. State v. Tillman (1997),119 Ohio App.3d 449. A prima facie case may be made by showing that members of a recognizable racial group were excluded and that other facts and circumstances raise an inference that the prosecutor excluded potential jurors on account of their race. Batson, supra; Hernandez,supra. The trial court should consider all of the relevant circumstances. Batson, supra; Hicks v. Westinghouse Materials Co.
(1997), 78 Ohio St.3d 95.
 {¶ 6} "For example, a `pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors." Batson, 106476 U.S. 79.
 {¶ 7} The Supreme Court of Ohio has also stated:
 {¶ 8} "The only issue in step two of the Batson analysis is whether the proponent gave a race-neutral explanation for his peremptory challenged. The `explanation need not rise to the level of justifying exercise of a challenge for cause.' Batson, 476 U.S. at 97. See, also,Purkett v. [Elm (1995)], 514 U.S. at 769. While a prospective juror's answers may be sufficient to survive a challenge for cause, both prosecutors and defense attorneys must remain free to challenge on a peremptory basis jurors whose answers create overall concerns on the subject at issue." State v. White (1999), 85 Ohio St.3d 433. The Batson
Court also noted that if the trial court determines that the prosecuting attorney has provided an explanation which is credible, that determination is entitled to great deference. Id.
 {¶ 9} In this case, the defense suggested to the trial court that a juror, Mr. Lewis, was excused solely because he was black. In response to the defense's suggestion, the State explained that they excused Juror Lewis based on the fact that the juror's brother had been prosecuted for the exact same crime as was involved in this case. The State further explained that because the juror's brother had a lengthy criminal record and his son had also been prosecuted, the State believed that he would not be a favorable juror to the State. Lastly, the State explained that Juror Lewis led the State to believe that it was his opinion that the laws regarding crack cocaine were discriminatory as compared to laws regarding powder cocaine in regard to sentencing[1]. The trial court considered the prosecution's reasons for dismissing Juror Lewis and determined that the reasons presented were valid, neutral reasons for excusing Juror Lewis.
 {¶ 10} The defense also questioned the State's peremptory challenge of another black juror, Ms. Cook. The State explained that they exercised a peremptory challenge on Juror Cook because she told them that a close family member of hers had been prosecuted by the Cuyahoga County prosecutor's office recently in connection with a homicide, in particular, obstruction of justice relating to the disposal of a body. The prosecutor, who was familiar with the case, recalled that it was an extremely contentious prosecution. The state explained that as a result of this experience, they questioned Juror Cook's ability to remain fair and unbiased toward the prosecution and Cuyahoga County in any case, including this particular case.[2]
 {¶ 11} After argument by both parties on the record, the trial court stated:
 {¶ 12} "The record may reflect of course that the prosecutor's (sic) excused two white jurors and two Afro American jurors, the Court does not take these types of motions lightly. And if the Court believed that the prosecutor was excusing the jurors certainly because of any racial type of tendencies I would not permit the prosecutor to excuse any juror at this time, juror number eleven, Mrs. Cook. However, I believe, and I believe it has been done sincerely by the prosecutor that he has a racially neutral reason for excusing the juror in view of the criminal conviction of her grandson and as with juror number four, just happens that these two people have relatives that would give a prosecutor good racially neutral reason for excusing them * * * (sic)" (T. 136).
 {¶ 13} The defendant challenges the trial court's determination that the state's exercise of a peremptory challenge was proper. Specifically, the defendant complains that allowing a juror to be excused using a peremptory challenge solely because that juror's relative has been convicted of a crime is inherently discriminatory, in light of statistics which demonstrate that blacks are convicted of crimes at a substantially higher rate than whites. We decline to address the defendant's specific contention, however. While the trial court mentioned both juror's relatives as reasons for excusing the jurors in accepting the prosecutor's explanation, the record is clear in this case, that the specific facts giving rise to each relative's prosecution supported a race-neutral peremptory challenge. That is, the jurors were not excused solely because they had relatives who had been convicted of a crime. Juror Lewis was excused because his brother committed the exact same crime as the one the defendant was being tried for and because Juror Lewis led the prosecutor to believe that his views on sentencing for crack cocaine were not favorable to the state's position. Further, Juror Cook was excused because of the particularly contentious nature of the prosecution between her grandson and the Cuyahoga County prosecutors office in connection with a very recent homicide investigation.
 {¶ 14} In the third part of the Batson analysis, the court must decide whether the neutral explanation offered by the proponent of the strike is credible or instead is a "pretext" for unconstitutional discrimination. State v. Gowdy (2000), 88 Ohio St.3d 387, citing Hernandez, supra.
 {¶ 15} As the United States Supreme Court noted in Hernandez:
 {¶ 16} "In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral-explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies `peculiarly within a trial judge's province.'" Id. at 365.
 {¶ 17} In this case, the trial court rejected the notion that the prosecutor's challenges were race-based. We agree with the trial court's determination that nothing in the prosecutor's explanation demonstrated an intent to exclude the juror on the basis of race. We find that the prosecutor provided race-neutral explanations for excusing both Juror Lewis and Juror Cook. We cannot say that the trial court's determination was erroneous and therefore overrule this assignment of error.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., J., CONCURS.
 PATRICIA ANN BLACKMON, P.J., CONCURS. (SEE ATTACHED CONCURRING OPINION)
[1] The defendant in this case was indicted for trafficking in crack-cocaine.
[2] Ms. Cook had previously stated in voir dire that her son had been murdered twenty years ago, her daughter was murdered ten years ago, and her other son was acquitted of child molestation charges, however the prosecution did not cite these reasons to the trial court to support excusing her.